On the Merits
The defendant-appellant argues that the act of subrogation is fatally defective for the reasons it fails to name Starr as the party to be sued, fails to state that Starr is the debtor, and fails to factually connect the basis for the claim which is “theft” with an act perpetrated by Starr. Our examination of the act of subrogation convinces us that it is sufficient as to form and substance to warrant the action brought by plaintiff-appellee.
The defendant was a compensated depositary of the Nicholas boat. The obligation of a depositary is found under LSA-C.C. arts. 1908, 2937, and 2938. This court had occasion to discuss this obligation in the recent case of Home Insurance Company v. Southern Specialty Sales Co., La.App., 225 So.2d 776 (1969). On page 780 therein, it was stated:
“[3-5] * * * Although Art. 2937 of the Civil Code does provide that the depositary ‘ * * * is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.’, this does not mean that if he is careless in preserving his own property, he may also be careless, without liability, in preserving the deposit. As read together with Civil Code Art. 1908 (which requires that the person who had the thing in his keeping shall take the care of it that could be expected from a prudent administrator), Civil Code Art. 2937 simply means that the depositary must use the ordinary care which may be expected of a prudent man. And under Civil Code Art. 2938, this requirement must be rigorously enforced when the depositary is a compensated depositary.”
From the facts surrounding the care of the defendant in preserving the boat, it appears that at the close of business on the day the boat was left with defendant, it was placed within a secured enclosure along with all other customer-owned boats, as well as the boats owned by defendant. It further appears that because of the crowded conditions within this enclosure, on Saturday, the probable day of the theft, the boat was removed from the enclosed boat yard to an outside front display area. From the testimony of Mr. Starr, apparently the theft was not discovered until the workman who was to make the repairs on Monday could not find it on the premises.
The defendant, through counsel, argues that he treated this boat with the same care and concern as he did his own; that he pulled his own boats from the enclosure into the unsecured front display area each morning and secured them in the enclosure at night; that on this particular day, a great number of people were in and out of the store and it was busy throughout; and that there were eight employees on the premises serving customers.
The plaintiff has proved that defendant was a depositary and that the boat was lost. We find this loss occurred through neglect and lack of due care on the part of defendant to properly safeguard the deposit. The fact that a thief could, with eight employees on the premises,' drive up to the front of the defendant’s place of business and tow away the boat is, in itself, evidence of the lack of due diligence in caring for the deposited property.
Appellant criticizes the award of the trial court, contending that plaintiff has *388 not shown that all of the damages included in the repair bill were incurred by reason of the theft. The record shows that the cost of repair was $721.24. The employee who accepted the boat for repair on the day it was left with the defendant was not called to testify to the prior condition of the boat. The owner testified that other than the shifting problem, which had just manifested itself, the three month old boat was in good condition. We find the work detailed on the repair order totalling $721.24 was related to and occurred during the time it was out of the possession of the depositary.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.